UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE ANTHONY TAYLOR,

    Petitioner,

v.                                    CASE NO. 09-14693
                                       HONORABLE MARIANNE O. BATTANI
C. ZYCH,

    Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING THE HABEAS PETITION AS MOOT

This matter is pending before the Court on petitioner Clarence Anthony Taylor's pro se habeas corpus petition under 28 U.S.C. § 2241. Petitioner claims that the Federal Bureau of Prisons has deprived him of an in-person parole hearing and a presumptive parole release date. Respondent C. Zych argues in a motion to dismiss the petition filed on March 25, 2010, that the petition is moot because Petitioner was given a presumptive parole release date of June 13, 2010. The Court agrees that Petitioner's request for relief is moot. Accordingly, Respondent's motion will be granted and the habeas petition will be dismissed.

### I. Background

Petitioner was convicted of bank robbery, 18 U.S.C. § 2113(a), in the United States District Court for the Southern District of Indiana, and on January 5, 1978, he was sentenced to eight years in prison. He served a lengthy unrelated state sentence first, and on November 21, 2007, he began serving his federal sentence. On October

28, 2008, a hearing examiner for the United States Parole Commission conducted a parole hearing by means of video conferencing. Although Petitioner had a parole eligibility date of November 10, 2009, he admitted during the hearing that, while he was in state custody, he committed approximately seventy-five disciplinary infractions and also was convicted of a misdemeanor battery against a staff member. The hearing examiner therefore recommended that the Parole Commission delay a final decision on Petitioner's parole release date until the Commission could obtain Petitioner's disciplinary records from the Indiana Department of Corrections. On January 7, 2009, the Parole Commission issued a Notice of Action, stating that it was deferring its final decision for ninety days in order to obtain Petitioner's disciplinary records from the Indiana Department of Corrections. The Commission made several unsuccessful attempts to obtain the records between January and September of 2009. The hearing examiner then recommended that the Parole Commission make a final decision without the records.

Meanwhile, on or about November 29, 2009, Petitioner submitted his habeas corpus petition to the Court for filing. The petition alleges that Petitioner was denied his constitutional right to an in-person parole hearing on October 28, 2008, and that the Parole Commission has deprived him of his right to a presumptive parole release date. Petitioner asserts that the Parole Commission's ninety-day deferral has exceeded one year and that he still does not have a presumptive parole release date. He requests a parole release date within the parole guideline range and an in-person parole hearing within thirty days.

On March 20, 2010, the Parole Commission issued a Notice of Action in which it

ordered Petitioner's release on parole, effective June 13, 2010. Records maintained by the Federal Bureau of Prisons on its official website, see www.bop.gov, indicate that Petitioner was released on parole on June 11, 2010.

## II. Discussion

Article III of the United States Constitution extends judicial power to cases and to controversies. See U.S. CONST. art. III, § 2, cl.1. "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983 ) (citing Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . [I]t is not enough that a dispute was very much alive when [the] suit was filed . . . . The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990) (citations and internal quotation marks omitted). If, while a case is pending, an event occurs that makes it impossible for a court to grant any effectual relief to a prevailing party, the case must be dismissed. Church of Scientology of Cal v. United States, 506 U.S. 9, 12 (1992). "Federal courts lack jurisdiction to decide moot cases . . . ." Iron Arrow Honor Soc'y, 464 U.S. at 70 (citing Defunis v. Odegaard, 416 U.S. 312, 316 (1974)).

Petitioner requests an in-person parole hearing and a parole release date. Because he has been granted a parole release date and has been released on parole, his habeas petition is moot. Accordingly, Respondent's motion to dismiss [Dkt. #8] is **GRANTED**, and the habeas petition [Dkt. #1] is **DISMISSED** as moot.

                                                  s/Marianne O. Battani  
                                                  MARIANNE O. BATTANI  
                                                  UNITED STATES DISTRICT JUDGE

Date: July 22, 2010

## CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Order was served upon all parties of record via ordinary U.S. Mail and/or ECF Court Filing System.

                                                  s/Bernadette M. Thebolt  
                                                  Case Manager